The bill alleges that the defendant Joseph J. Williams held two notes upon one Burroughs, payable to one Jordan, and indorsed by him in blank; one for about $800, and the other for about $331, in trust for the plaintiffs, the notes having been delivered to him upon such trust by William Williams, the grandfather of the plaintiffs. After the death of William Williams, about 1840, the said Joseph J. Williams, who was the executor of the said William, unmindful of the trust reposed in him, and regardless of the rights of the plaintiff, sold and assigned the notes to Robert Stamper, the intestate of the two defendants, James and (15) George Stamper, in satisfaction and discharge of a debt due to the said Robert by the said Joseph; and that the said Robert, at the time of the transfer, had notice of the trust, and afterwards collected the amount of the notes. The bill further alleges, in aid of the plaintiff's rights, if necessary, that William Williams, by his will, after some specific legacies, bequeathed the residue of his estate to the other defendant, Elizabeth Williams, who has assigned all the interest she may have in the notes or money collected to the plaintiffs.
Joseph J. Williams is alleged to be insolvent; and the prayer is that the defendants James and George Stamper be decreed to pay to the plaintiffs the money collected on the notes by their intestate.
The answer of Elizabeth Williams admits the transfer of the notes, or her interest therein, to the plaintiffs. The bill was taken pro confesso
against Joseph J. Williams.
The defendants James and George Stamper admit that the notes were transferred to their intestate, and that he collected them; but deny that the transfer was made to him with notice of the trust; and insist that he was a bona fide purchaser for valuable consideration without notice.
The plaintiffs obtained leave and took the deposition of the defendant Joseph J. Williams, which establishes the trust, and proves that Robert Stamper had notice at the time the notes were transferred to him.
It is clear that Joseph J. Williams, the trustee, is primarily liable for the breach of trust, and the defendant James and George Stamper are only liable secondarily; for the decree, if made for the plaintiffs, ought and must be to recover the amount from Joseph J. Williams in the first place, and in the event it cannot be made out of him then to recover from the defendants James and George Stamper.
This case is fully decided by Lewis v. Owen, 36 N.C. 290; (16) where it is held, "Examining a party is an equitable release to *Page 25 
him as to the matter to which he is examined. If the party examined be the one primarily liable and the other defendant only secondarily, the plaintiff gives up his claim against both by the examination of the former."
The bill must be dismissed with costs, except as to the defendant Joseph J. Williams.
PER CURIAM. Decree accordingly.
Cited: Wilson v. Allen, 54 N.C. 26.